**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**
**CIVIL ACTION NO.  3:21-CV-00171-CHB-CHL**

**CHRISTOPHER STOUT,**                                                                                              **Plaintiff,**

**v.**

**LEADEC INDUSTRIAL SERVICES,**                                                                       **Defendant.**

**MEMORANDUM OPINION AND ORDER**

    Before the Court is a motion to seal filed by Defendants Leadec Corp., William Bell, Deb Huston, and Robert Orcutt (collectively "Defendants").  (DN 22.)  Plaintiff Christopher Stout did not file a response and the time to do so has expired.  *See* L.R. 7.1(c).  Therefore, the motion is ripe for review.

**I.**     **BACKGROUND**

    On December 30, 2021, Defendants filed a motion for an award for attorney's fees pursuant to 42 U.S.C. § 1988.  (DN 16.)  Defendants subsequently filed an affidavit of Joseph L. Olson, counsel of record for Defendants, in support of their motion for a fee award.  (DN 19.)  Redacted versions of the billing records for work Defendants' counsel performed in connection with this case were attached in an exhibit to Mr. Olson's affidavit.  (DN 19-1.)  In an order entered on June 6, 2022, the Court found "that the redacted information is necessary to assess the reasonableness of Defendants' attorney's fees."  (DN 21, at PageID # 243.)  The Court therefore ordered Defendants to file an unredacted versions of the billing records and provided that "Defendants may file the unredacted documents provisionally under seal if filed in conjunction with a motion for leave to seal consistent with Local Rule 5.6."  (*Id.* at 245.)  Pursuant to that order, on June 17,

2022, Defendants filed unredacted versions of counsel's billing records provisionally under seal in conjunction with their instant motion to seal. (DN 22; DN 23.)

## II.     LEGAL STANDARD

It is well-established that a "strong presumption" exists in favor of keeping court records open to the public. *See, e.g.*, *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1176–79 (6th Cir. 1983). The party seeking to seal the records bears the heavy burden of overcoming the presumption, and "only the most compelling reasons can justify non-disclosure of judicial records." *Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016) (quoting *In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983)). To meet this burden, the party seeking a seal must show: (1) a compelling interest in sealing the records; (2) that the interests in sealing outweigh the public's right of access; and (3) that the proposed seal is narrowly tailored. *Id.*; *Rudd Equip. Co. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 593–94 (6th Cir. 2016). "[O]nly trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute to be maintained in confidence (such as the name of a minor victim of a sexual assault), is typically enough to overcome the presumption of access." *Shane*, 825 F.3d at 308 (citation and internal quotation marks omitted). The Sixth Circuit has held that "[t]he proponent of sealing therefore must 'analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations.' " *Shane*, 825 F.3d at 305–06 (quoting *Baxter Int'l., Inc. v. Abbott Labs.*, 297 F.3d 544, 548 (7th Cir. 2002)). Further, in ruling on a motion to seal, the Court is required to make "specific findings and legal conclusions 'which justify nondisclosure to the public.' " *Rudd*, 834 F.3d at 594 (quoting *Brown*, 710 F.2d at 1176).

### III. DISCUSSION

In their motion to seal, Defendants state that their "motion seeking attorneys' fees is, at most, only tangentially related to the merits of the allegations put forth in the Amended Complaint." (DN 22-1, at PageID # 249.) Defendants therefore argue that a lower standard applies for sealing the billing records filed in support of the motion for attorney's fees:

> The presumption of access does not apply to records attached to motions that are "not related, or only tangentially related, to the merits of a case." *Ctr. for Auto Safety v. Chrysler Grp.*, LLC, 809 F.3d 1092, 1098 (9th Cir. 2016); *see also Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir.2006) ("[T]he public has less of a need for access to court records attached only to non-dispositive motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action."). Parties moving to seal the documents attached to such motions must meet the lower "good cause" standard of Rule 26(c). *Kamakana*, 447 F.3d at 1179 (internal quotations and citations omitted).

(*Id.*)

The above Ninth Circuit cases that Defendants cite in articulating the standard for sealing do not control determinations by this Court and are in fact at odds with binding Sixth Circuit precedent. First, the Sixth Circuit resoundingly rejected the notion that the "good cause" standard governing protective orders under Rule 26 of the Federal Rules of Civil procedure is sufficient for sealing documents in the court record:

> By way of background, there is a stark difference between so-called "protective orders" entered pursuant to the discovery provisions of Federal Rule of Civil Procedure 26, on the one hand, and orders to seal court records, on the other. Discovery concerns the parties' exchange of information that might or might not be relevant to their case. "Secrecy is fine at the discovery stage, before the material enters the judicial record." *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 545 (7th Cir. 2002). Thus, a district court may enter a protective order limiting the use or disclosure of discovery materials upon a mere showing of "good cause[.]" Fed. R. Civ. P. 26(c)(1).
> . . .

3

> "At the adjudication stage, however, very different considerations apply." *Joy v. North*, 692 F.2d 880, 893 (2d Cir. 1982). The line between these two stages, discovery and adjudicative, is crossed when the parties place material in the court record. *Baxter*, 297 F.3d at 545. Unlike information merely exchanged between the parties, "[t]he public has a strong interest in obtaining the information contained in the court record." *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1180 (6th Cir. 1983).

*Shane*, 825 F.3d at 305.

Second, the Sixth Circuit does not exclude from the public right of access either exhibits to motions or filings offered for a reason other than a final determination affecting the disposition of a case. *In re Nat'l Prescription Opiate Litig.*, 927 F.3d 919, 939 (6th Cir. 2019) (citing *Shane*, 825 F.3d at 305) (finding that court records subject to the public right of access include "sealed or redacted pleadings, briefs, or other documents that the parties have filed with the court, as well as any reports or exhibits that accompanied those filings") (emphasis added). Rather, the public right of access extends to all documents filed in the record, including the billing records filed in support of Defendants' motion for attorney's fees. Thus, in assessing Defendants' arguments, the Court will properly consider whether they establish *a compelling reason* for sealing, as defined by Sixth Circuit precedent and if so, whether that interest outweighs the public's interest in access.

Defendants argue that their "interest in protecting attorney communications outweigh any interests which would support public access to information its counsel is ethically required to safeguard." (DN 22-1, at PageID # 251.) As Defendants note, information covered by privilege is among the categories of information that the Sixth Circuit has deemed sufficiently sensitive to a degree that is "typically enough to overcome the presumption of access." *Shane*, 825 F.3d at 308. The attorney-client privilege is bedrock principle of American jurisprudence. 8 J. Wigmore, Evidence § 2290 (McNaughton rev. 1961). The privilege "is founded upon the necessity, in the interest and administration of justice, of the aid of persons having knowledge of the law and skilled

4

in its practice, which assistance can only be safely and readily availed of when free from the consequences or the apprehension of disclosure." *Hunt v. Blackburn*, 128 U.S. 464, 470 (1888). "In a diversity case, the court applies . . . state law to resolve attorney-client clams." *In re Powerhouse Licensing, LLC*, 441 F.3d 467, 472 (6th Cir. 2006). Kentucky's "lawyer-client privilege" functions as the state's equivalent of the federal attorney-client privilege and is governed by Kentucky Rule of Evidence ("KRE") 503. It safeguards a client's ability "to refuse to disclose and to prevent any other person from disclosing a confidential communication made for the purpose of facilitating the rendition of professional legal services to the client." KRE 503(b). KRE 503 extends to communications:

> Between the client or a representative of the client and the client's lawyer or a representative of the lawyer;
>
> Between the lawyer and a representative of the lawyer;
>
> By the client or a representative of the client or the client's lawyer or a representative of the lawyer representing another party in a pending action and concerning a matter of common interest therein;
>
> Between representatives of the client or between the client and a representative of the client; or
>
> Among lawyers and their representatives representing the same client.

*Id.* The privilege may be claimed by the client, or by the lawyer at the time of the communication on behalf of the client. KRE 503(c).

Fee arrangements and billing information are generally not considered privileged under Kentucky law. Robert G. Lawson, The Kentucky Evidence Law Handbook § 5.05[6] (4th ed. 2003). However, "to the extent they would reveal attorney-client communications," billing records and invoices are protected from disclosure. *Fiser v. Proassurance Cas. Co.*, No. CV 10-280-WOB-CJS, 2012 WL 13040074, at *4 (E.D. Ky. Sept. 30, 2012). *See Commonwealth, Cabinet*

5

*for Health & Fam. Servs. v. Scorsone*, 251 S.W.3d 328, 330 (Ky. Ct. App. 2008) ("[W]e find that the Attorney General and the circuit court are both correct in rejecting the Administration's blanket redaction of all descriptive portions of the disclosed billing records without particularized demonstration that each description is privileged."); *Cunningham v. Keller*, No. 2015-CA-001943-MR, 2017 WL 2609120, at *3 (Ky. Ct. App. June 16, 2017) ("Because the billing records contained confidential attorney-client information, the court was within its authority to seal those records from review other than by the courts . . . .").

Although Defendants did not make a particularized showing that each portion of the billing records that they seek to redact contains information coverage by lawyer-client privilege, upon review, the Court finds that the redacted portions of the billing entries would reveal confidential communications between Defendants and counsel or among counsel that relate to the rendition of legal services and are therefore covered by Kentucky's lawyer-client privilege. Additionally, Defendants' decision to file the billing records in support of their motion for attorney's fees cannot be considered a waiver because under KRE 509, "[d]isclosure of communications for the purpose of receiving third-party payment for professional services does not waive any privilege with respect to such communications." The Court finds that preserving the confidentiality of privileged communications between Defendants and their counsel and among Defendants' counsel constitutes a compelling reason for sealing.

The existence of a compelling reason for sealing does mean that the information is *per se* entitled to a seal. *Kondash v. Kia Motors Am., Inc.*, 767 F. App'x 635, 638 (6th Cir. 2019) (quoting *Shane*, 825 F.3d at 308) (emphasizing that the Sixth Circuit held that information covered by attorney-client privilege is only "typically" sufficient to meet the standard for sealing). The Court next must evaluate how the reason for sealing measures up against the public interest in access.

As the Court discussed above, Defendants incorrectly assert that there is no public interest in access to the billing records filed in support of their motion for attorney's fees. At minimum, "[t]he public has a strong interest in obtaining the information contained in the court record." *Shane*, 825 F.3d at 305 (quoting *Brown*, 710 F.2d at 1180). Beyond that, the particular circumstances of a case and the nature of the information to be sealed may strengthen that interest. Here, the Court finds no special factors that would stand to heighten the public interest in access. On balance, the Court finds that the weight of interest tips in favor of sealing.

Finally, the Court considers whether the redactions to the billing records are narrowly tailored. Upon review, the Court finds that the redactions to the billing entries only cover what is necessary to prevent disclosure of communications covered by lawyer-client privilege. As Defendants note in their instant motion, the redacted billing records also conceal counsel's bank account and tax identification information. This includes portions of bank account and taxpayer identification numbers that must be redacted under the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 5.2(a)(1). While the remaining information is subject to the public right of access, Courts within the Sixth Circuit applying the standard set forth in *Shane* routinely grant requests to seal individual identifying information contained in court filings. *Schnatter v. 247 Grp., LLC*, No. 3:20-CV-00003-BJB-CHL, 2022 WL 188193, at *2 (W.D. Ky. Jan. 20, 2022); *Ewalt v. GateHouse Media Ohio Holding II, Inc.*, No. 2:19-CV-4262, 2021 WL 4841064, at *2 (S.D. Ohio Oct. 18, 2021); *In re Flint Water Cases*, No. 5:16-CV-10444-JEL-MKM, 2021 WL 1877018, at *2 (E.D. Mich. Apr. 21, 2021); *NFocus Consulting Inc. v. Uhl*, No. 2:20-CV-5106, 2020 WL 6791232, at *2 (S.D. Ohio Nov. 19, 2020). Here, the Court likewise finds that the public interest in access to court records is outweighed by Defendants' and counsel's compelling privacy interests in precluding public dissemination of identifying account information. Based on the forgoing, the

Court finds that the redactions are narrowly tailored, and as a result, the requested seal of the billing records is no broader than necessary. Therefore, Defendants' motion to seal will be granted.

## IV. ORDER

For the foregoing reasons,

IT IS HEREBY ORDERED that Defendants' motion to seal (DN 22) is **GRANTED**. The unredacted versions of counsel's billing records filed at DN 23 shall be permanently sealed.

Colin H Lindsay, Magistrate Judge
United States District Court

July 7, 2022

cc: Counsel of record
    Christopher Stout, *pro se*

Appeal of this Order is subject to the terms and time limitations of Fed. R. Civ. P. 72(a) and L.R. 72.2.